August 30, 2010

Hon. Sandra L. Townes
District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: Abramov v. United States (10-cv-3615)

Dear Judge Townes:

  The habeas corpus petition in this case refers to an affidavit of petitioner Gidon Abramov.  <u>See</u> petition, ¶¶ 21, 22, 70.  I realized a few days ago that the affidavit was not attached to the petition, as I had thought.  Further, I have attempted to find the signed affidavit in my files, and I cannot.  I have therefore sent the affidavit for signing to Mr. Abramov, unchanged from the way it was originally drafted months ago, except for the addition of the docket number of the petition.  I will file the signed affidavit as soon as I receive it.  Meanwhile, I am enclosing an unsigned copy of the affidavit.

  I am sorry for the confusion, which is my responsibility only.

          Very truly yours,


          Malvina Nathanson

enclosure

cc: AUSA Winston Chan (with enclosure)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GIDON ABRAMOV,                                                  Index No.  10-cv-3615

       Petitioner,

       -against-

UNITED STATES OF AMERICA,

       Respondent.

GIDON ABRAMOV, being duly sworn, deposes and says, under the penalties of perjury:

1. I retained John Tiffany to represent me in connection with my sentence under Dkt. No. 04-CR-1041.  Mr. Tiffany associated Paul Warburg to assist him in this representation.

2. It was always my intention to dispute that I played a major role in the offense, to dispute the loss amount figures claimed by the government, and to argue that I was entitled to credit for acceptance of responsibility by pleading guilty.

3. I knew that Mr. Tiffany filed objections to the presentence report, including to the major role and loss amount enhancements and the failure to grant credit for acceptance of responsibility.

4. At no time before July 20, 2007, did Mr. Tiffany or Mr. Warburg inform me that they intended to waive any of the objections, much less inform me of the reasons for waiving the objections.

5. The first time I learned that my lawyers were withdrawing objections was when they announced to the court that they were going to do so.

6. I told Mr. Tiffany that I opposed him withdrawing any objections, and that I was not responsible for the enhancements that I had already objected to. He told me that if I made a scene in the courtroom, the marshals would handcuff me and put me in a cell.  He said he was withdrawing the objections because it would make the government attorney happy and the government would not request the maximum sentence.  I was afraid so I did not speak up in court.

7. My previous attorney never explained to me that the plea agreement could be understood to mean that I accepted enhancements for role in the offense and loss amount and also to mean that I did not claim to be entitled to credit for acceptance of responsibility.

8.  Mr. Tiffany and Mr. Warburg did not talk to me about my background and did not ask me any questions about how I was abused during my childhood, my use of drugs and my mental health problems.

9.  Mr. Tiffany would not accept my phone calls and did not answer my letters.  I was only able to talk to him in court.  I wrote letters to the court objecting to the enhancements and  complaining about my lawyers.

_____
Gidon Abramov

Sworn to before me this _____ day of July, 2010

_____
Notary Public

2